IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHONELLE JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-731-WKW |
| | ) | |
| KIM T. THOMAS, | ) | |
| Commissioner, Alabama Department | ) | |
| of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Upon consideration of the petition for writ of habeas corpus filed by the petitioner on October 4, 2013, it is hereby

ORDERED that the clerk of the court serve copies of the petition and this order on respondent, Kim T. Thomas, Commissioner of the Alabama Department of Corrections, and upon Gary Hetzel, Warden of Holman Prison, and Luther Strange, Attorney General of the State of Alabama, by certified mail. **On or before November 25, 2013**, respondent shall file an answer pursuant to the provisions of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

If respondent contends that a particular claim should be denied because the claim has been previously adjudicated by the state courts in accordance with clearly

established United States Supreme Court precedent, respondent, as part of his answer, shall specifically identify the Supreme Court authority upon which the state court relied.

It is further ORDERED that **on or before November 25, 2013**, the entire record of this case shall be filed with the clerk of the court as follows:

1. The respondent shall be responsible for filing the record, unless the parties agree that the petitioner will file the record. Prior to filing, the parties shall discuss uniform use of the record including any arrangements for the filing party to make any parts or the whole record available for review or copying by the other party. These arrangements shall include, if necessary, the option of the filing party's serving a complete copy of the record on the other party at the same time as filing, but may also involve partial production where the other party already possesses all or part of the record. The court expects the parties to work together to arrive at the most cost effective and efficient method possible for coordinating the production of the record.

2. The record shall be divided into volumes each consisting of approximately two-hundred pages. Each volume shall be numbered and have a cover that includes the case name, the case number, and a designation of what category of documents, as described below, is contained in the volume.

3. The record shall be assembled in the following order and shall be separated by tabs according to the following categories:

    a. *State Court – Trial*.  This section shall include the trial transcript and the circuit clerk's record from the trial proceeding.

    b. *Alabama Court of Criminal Appeals – Direct Appeal.*  This section shall include the direct appeal briefs filed by both parties with the Alabama Court of Criminal Appeals and the opinion(s) from the Alabama Court of Criminal Appeals.

    c. *Alabama Supreme Court – Direct Appeal.*  This section shall include the direct appeal briefs filed by both parties with the Alabama Supreme Court and the opinion(s) from the Alabama Supreme Court.

    d. *United States Supreme Court – Certiorari.*  This section shall include the pleadings filed by both parties with the United States Supreme Court and the decisions(s) from the United States Supreme Court.

    e. *State Court – Collateral Proceedings.*  This section shall include the post-conviction hearing transcript and the circuit clerk's record from the Rule 32 proceedings with the trial court.

    f. *Alabama Court of Criminal Appeals – Collateral Appeal.*  This section shall include the post-conviction appeal briefs filed by both parties with the Alabama Court of Criminal Appeals and the opinion(s) from the Alabama Court of Criminal Appeals.

    g. *Alabama Supreme Court – Collateral Appeal.*  This section shall include the post-conviction appeal briefs filed by both parties with the Alabama Supreme Court and the opinion(s) from the Alabama Supreme Court.

  h. *United States Supreme Court – Collateral Certiorari.* This section shall include the pleadings filed by both parties with the United States Supreme Court and the decision(s) from the United States Supreme Court.

 4. A separate index of the record shall be prepared which identifies each volume of the record, the category of the proceedings contained in the volume, and the general content of the record contained in the volume, including number of pages. For example, the index will read: Volume 1, Circuit Court – Trial, clerk's record pages 1-175; and Volume 2, Circuit Court – Trial, trial transcript pages 1-200. The index shall be served on the opposing party.

 5. In referencing this record in any pleadings or briefs filed in this case, the parties shall make specific reference by tab number, volume number, and page number.

 6. The respondent shall use his best efforts to determine whether an electronic version of the transcript of any trial or collateral proceedings is available, and, if so, shall provide that to the clerk of the court in addition to the record required above.

 It is further ORDERED that this action is referred to United States Magistrate Judge Charles S. Coody for all procedural and discovery matters in this case, including the conduct of a case management conference, at which the parties will be

required to clarify and sharpen the claims presented, the nature of any procedural defaults, and the existence and nature of any claims of cause and prejudice. The parties will also address whether a hearing or discovery is necessary and any proposed dates for the filing of briefs. The Magistrate Judge will also separately conduct a budget conference with petitioner's counsel, if appropriate in this case.

DONE this the 10th day of October, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE