IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHONELLE JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-731-WKW |
| | ) (WO) |
| KIM T. THOMAS, | ) |
| Commissioner, Alabama Department | ) |
| of Corrections, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Before the court is petitioner's "Motion for Discovery and Evidentiary Hearing" (Doc. # 22). For the reasons that follow, the court concludes that the motion is due to be denied at this time.

**I.  BACKGROUND**

Petitioner filed his petition for habeas corpus relief (Doc. # 1) on October 4, 2013. Respondent filed his answer (Doc. # 11) to the petition on November 25, 2013. On January 16, 2014, the undersigned Magistrate Judge conducted a scheduling conference with counsel for the parties at which petitioner disclosed his intent to seek discovery and an evidentiary hearing with respect to certain claims in the petition. Pursuant to the court's order (Doc. # 13) of January 16, petitioner filed the instant motion on February 27, 2014. Respondent filed his response in opposition (Doc. # 23) on March 18, 2014, and petitioner filed a reply (Doc.

# 24) on April 10, 2014.

## II.  PETITIONER'S REQUESTS FOR DISCOVERY AND AN EVIDENTIARY HEARING

Petitioner seeks discovery and an evidentiary hearing in connection with two of the claims alleged in the habeas corpus petition. In support of his claim that he received the ineffective assistance of counsel at the penalty phase of his trial due to his counsels' failure to "investigate and present mitigating circumstances in support of a sentence of life without parole[,]" *see* Pet. ¶¶ 45-100, petitioner requests discovery of "institutional records" including records pertaining to himself and his father, Louis Taylor, which have been generated and are maintained by various agencies, including the Alabama Department of Human Resources, the Alabama Department of Corrections, the Montgomery County Detention Facility, the Montgomery City Jail, the Montgomery Police Department, and the Montgomery County Sheriff's Department. Pet'r's Mot. (Doc. # 22) at 2, 22-23. Petitioner also asserts that he is entitled to an evidentiary hearing in order to prove his claim that counsel was ineffective. *Id.* at 26-27. In support of his claim that the State suppressed evidence at his trial in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *see* Pet. ¶¶ 158-62, petitioner "seeks discovery of the files of the Montgomery County District Attorney's office related to the prosecutions of Shonelle Jackson, Antonio Barnes, Christopher Rudolph and Eric Williams as well as the visitor logs from the Montgomery County Jail as they relate to these three codefendants prior to and during Shonelle Jackson's trial, and prior to each individual's guilty plea and sentencing." Pet'r's Mot. (Doc. # 22) at

27-28. In addition, petitioner "reserves the right to ask for an evidentiary hearing on the *Brady* claim pending the outcome of the discovery process." *Id.* at 37 n.28.

### III.  DISCUSSION

Neither discovery or an evidentiary hearing are provided for as a matter of course in federal habeas corpus proceedings.  In order to obtain discovery, a habeas corpus petitioner must show "good cause," in that he has made "'specific allegations [which] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" *Bowers v. U.S. Parole Comm'n, Warden*, 745 F.3d 1127, 1132 (11th Cir. 2014) (quoting *Arthur v. Allen*, 459 F.3d 1310, 1310-11 (11th Cir. 2006)).  Likewise, in order to obtain an evidentiary hearing in federal court, the habeas petitioner must generally show that he sought to adequately develop the factual basis of his claim in the state courts and proffer evidence that, if proven true at the hearing, would entitle him to relief on the claim that is the subject of the hearing.  *Pope v. Sec'y for Dept. of Corr.*, 680 F.3d 1271, 1288-91 (11th Cir. 2012); *see also Burgess v. Comm'r, Alabama Dept. of Corr.*, 723 F.3d 1308, 1319-21 (11th Cir. 2013).  In this case, the court need not determine whether petitioner has or can meet these burdens because statutory and prudential limitations dictate that petitioner is not entitled to discovery at this time.  Because the court's reasoning differs with respect to each of the separate claims for which petitioner seeks discovery or an evidentiary hearing, the court addresses the requests separately.

As detailed previously, petitioner first seeks discovery and an evidentiary hearing

respecting his claim that counsel were ineffective in their investigation and presentation of mitigating evidence in the penalty phase of his trial. Petitioner has alleged that "the state court's determination that [he] was not entitled to relief on this claim was both an unreasonable determination of the facts and contrary to or an unreasonable application of, clearly established federal law[,]" and that he is therefore entitled to habeas corpus relief pursuant to 28 U.S.C. § 2254(d)(1) and (d)(2). Pet. ¶ 111. Thus, petitioner concedes that this claim was decided on its merits in the state courts and is subject to review under § 2254(d)(1) and (d)(2). As such, petitioner is not entitled to discovery and an evidentiary hearing unless and until the court first determines that the state courts' merits determination, indeed, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); *id.* at 1400 ("evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court").[1]

---

[1] To the extent *Cullen* is expressly concerned with review pursuant to § 2254(d)(1), it is clear from the text of § 2254(d)(2) that review of the reasonableness of a state court factual determination under that provision is similarly circumscribed by "the evidence presented in the State court proceeding." *See, e.g., Cullen*, 131 S.Ct. at 1400 n.7.

Petitioner appears to concede that the court cannot permit discovery or an evidentiary hearing on his ineffective assistance claim until it resolves its initial inquiry under § 2254(d)(1) and (d)(2) in his favor. *See* Pet'r's Reply (Doc. # 24) at 2 ("The Eleventh Circuit has held that this Court should first determine whether the state court's merits resolution of Mr. Jackson's claims was either contrary to or an unreasonable application of clearly established federal law, or an unreasonable determination of the facts in light of the record.") (citing *Burgess*, 723 F.3d at 1319). For this reason, petitioner expends considerable effort in his motion arguing that the state courts' rejection of his claim is not entitled to deference under § 2254(d)(1) and (d)(2). *See* Pet'r's Mot. (Doc. # 22) at 12-20. Whatever the merit of petitioner's argument in this regard, it is premature at this time as the court has not yet ordered substantive briefing by the parties and will not endeavor to resolve the essential inquiry of § 2254(d) in the course of deciding whether petitioner is entitled to discovery or an evidentiary hearing. Rather, the court will afford the parties the opportunity to fully brief this issue, along with petitioner's remaining claims, before passing on the reasonableness of the state courts' adjudication of petitioner's claim under § 2254(d). In the event that, after comprehensive briefing and due consideration, the court agrees with petitioner about the reasonableness of the state courts' determination, petitioner may resubmit his motion for discovery or an evidentiary hearing respecting this claim.

Petitioner's request for discovery with respect to his *Brady* claim is also premature. Respondent argues that petitioner's *Brady* claim is procedurally barred, including those

allegations for which he seeks discovery as set forth previously in this order.  Resp.'s Ans. (Doc. # 11) at 61-62; Resp.'s Br. in Opp. (Doc. # 23) at 14-16.  Petitioner has not argued that he is entitled to discovery in order to overcome any asserted procedural default.  *See, e.g., Hooks v. Thomas*, Case no. 2:10-cv-268-WKW-CSC (Doc. # 54), 2011 WL 4915840 at *3-*4 (M.D. Ala. Oct. 17, 2011) (denying that "habeas petitioner was entitled to discovery as a matter of right to attempt to overcome procedural default").  Rather, petitioner argues that, because the procedural bar imposed by the state courts on his *Brady* claim is not firmly established and regularly followed, federal review of his *Brady* claim is not prohibited.  Pet'r's Br. (Doc. # 22) at 31-33.  Thus, petitioner's request for discovery relates to the merits of his *Brady* claim and is not germane to the court's consideration of respondent's assertion of procedural default or petitioner's response to that affirmative defense.  Because the court must resolve respondent's procedural default defense before it may consider the merits of petitioner's *Brady* claim, petitioner's request for discovery in support of that claim is premature at this time.  In the event that, after appropriate briefing and due consideration, the court agrees with petitioner that his *Brady* claim is not procedurally barred, petitioner may resubmit his request for discovery in support of the claim.[2]

---

[2] Petitioner has also argued that, to the extent the state courts' adjudication of his *Brady* claim must be construed as a decision on the merits because of the state courts' reliance on the pleading sufficiency requirement of Ala. R. Crim. P. 32.6(b), such decision is not entitled to deference under § 2254(d).  Pet'r's Br. (Doc. # 22) at 33-34.  Even if this court determines that it must treat the state courts' adjudication as a ruling on the merits for purposes of applying § 2254(d), for the reasons already discussed, the court must first assess the reasonableness of the state courts' decision based only upon the record before the state courts before considering whether petitioner is
(continued...)

## IV.     CONCLUSION

For all of the reasons given above, petitioner's "Motion for Discovery and Evidentiary Hearing" (Doc. # 22) is DENIED without prejudice. A separate order will issue establishing a schedule for substantive briefing on procedural and merits issues raised by the petition and answer.

Done this 15th day of May, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
entitled to discovery in support of the merits of his *Brady* claim.